UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA TAYLOR, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV492 JCH |
| | ) | |
| MARIO LEWIS, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed April 23, 2009. (Doc. No. 7). The matter is fully briefed and ready for disposition.

## BACKGROUND

On or about August 18, 2008, Plaintiff Yolanda Taylor ("Plaintiff") filed her Petition for Personal Injuries and Damages ("Complaint") against Defendant Mario Lewis, a natural person, ("Defendant") in the Circuit Court for the City of St. Louis, Missouri. (Complaint, P. 1). In her Complaint, Plaintiff alleges that when she attempted to activate a ceiling fan in a rental housing unit, it fell from the ceiling and struck Plaintiff in the head. (Id., ¶¶ 4, 5). Plaintiff was leasing the rental housing unit from Defendant. (Id., ¶ 4). Plaintiff alleges that she suffered damages as a result of this occurrence, and she states one count of negligence and one count of res ipsa loquitur against Defendant. (Id., ¶¶ 6-21).

Defendant removed Plaintiff's action to this Court on March 27, 2009. In his Notice of Removal, Defendant asserts that removal is proper pursuant to 28 U.S.C. §§ 1331 & 1441. Specifically, Defendant alleges that the lease at issue was a HUD lease, entered into between the parties pursuant to the National Housing Act, 12 U.S.C. § 1701 et seq. (Notice of Removal, ¶ 5).

Defendant maintains Plaintiff's claims therefore arise under federal law, "because they involve the rights and obligations of the parties pursuant to Plaintiff's lease with HUD and Defendant's contract with HUD to provide housing pursuant to federal law." (Id.).

As stated above, Plaintiff filed the instant Motion to Remand on April 23, 2009, asserting Plaintiff's well-pleaded Complaint fails to invoke a federal question as prescribed by 28 U.S.C. § 1331. (Doc. No. 7).

**DISCUSSION**

In its Notice of Removal, Defendant asserts the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and that removal is proper under 28 U.S.C. § 1441. Plaintiff has moved to remand, asserting her claims for negligence and res ispa loquitur arise under Missouri tort law. The burden of establishing this Court's jurisdiction is on the party seeking to invoke it, which in this case is Defendant. See Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010). All doubts must be resolved in favor of remand. Bates v. Mo. & N. Ark. R.R., 548 F.3d 634, 638 (8th Cir. 2008).

**I.    Well-Pleaded Complaint**

A civil action filed in state court may be removed to federal court if it "aris[es] under the . . . laws . . . of the United States." See 28 U.S.C. § 1441(b); 28 U.S.C. § 1331. "[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted). This means that federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)

(citation omitted).[1]  Moreover, Plaintiff is the master of her claim; in other words, she may avoid

federal jurisdiction by relying exclusively on state law, thereby effectively determining the

removability of her case.  Id. at 392 and n.7.

The face of the Complaint in the instant case makes no reference to any federal law or agency.

Rather, it states claims of negligence and res ipsa loquitur, both state law causes of action.  The first

reference to any federal law or entity in this proceeding is by Defendant.  (Notice of Removal, ¶ 5).

Plaintiff thus fails to raise a federal question on the face of her well-pleaded Complaint, and so

removal on this basis is not authorized by § 1441.

## II.    Substantial Question Of Federal Law

Although Plaintiff's Complaint does not state a federal question, Defendant argues this Court

has jurisdiction based on an exception to the well-pleaded complaint rule that vests federal courts

with jurisdiction to decide cases where a federal right is an essential element of the plaintiff's cause

of action.[2]  (Defendant's Memorandum in Opposition to Plaintiff's Motion for Remand ("Defendant's

Opp."), P. 2 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 111 (1936))).  Indeed, this Court would

have jurisdiction if Plaintiff's right to relief under state law required "resolution of a substantial

question of federal law."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13

(1983).  The Supreme Court recently articulated the relevant analysis as follows: "does a state-law

claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum

may entertain without disturbing any congressionally approved balance of federal and state judicial

---

[1] "A defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow, 478 U.S. at 808 (citation omitted).

[2] The Supreme Court has warned that this exception to the well pleaded complaint rule "must be read with caution." Merrell Dow, 478 U.S. at 809.

responsibilities[?]" Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Defendant asserts two different bases for invoking the "substantial federal question" exception to the well-pleaded complaint rule. These arguments will be addressed in turn.

### A.       Substantial Federal Question Based On Identity Of Lessor

Defendant argues that the Complaint raises a substantial question of federal law because Plaintiff's claims "involve the rights and obligations of the parties pursuant to Plaintiff's lease with HUD and Defendant's contract with HUD to provide housing pursuant to federal law." (Defendant's Notice of Removal, ¶ 5). Defendant relies on Williams-Ward v. Lorenzo Pitts, Inc., 908 F. Supp. 48 (D. Mass. 1995), to support removal in this context. (Defendant's Opp., P. 3). This argument suffers from a factual flaw, however, that undermines the legal conclusion Defendant asks the Court to reach.

The factual flaw is in Defendant's assertion that Plaintiff's lease is with HUD, a federal agency. (See Defendant's Notice of Removal, ¶ 5 ("Plaintiff's lease with HUD"); Defendant's Opp., P. 2 (referring to "the HUD lease")). The Complaint itself alleges that the lease was entered into between Plaintiff and Defendant; no mention is made of HUD. (Complaint, ¶ 4; see also Plaintiff's Reply, PP. 1-2 (referring to "Plaintiff's lease with Defendant")). Defendant himself is not entirely consistent as to how he characterizes the lease arrangement, referring to it as a "[l]ease between the parties" in the same paragraph that he asserts the lease was between Plaintiff and HUD. (See Defendant's Notice of Removal, ¶ 5).

Defendant attached a document titled "Part C of HAP Contract: Tenancy Addendum" to his Memorandum in Opposition to Plaintiff's Motion for Remand. (Defendant's Opp., PP. 7-9). This document provides that "*[t]he owner is leasing the contract unit to the tenant* for occupancy by the tenant's family with assistance for a tenancy under the Section 8 housing choice voucher program .

. . of [HUD]." (Id., ¶ 1(a) (emphasis added)). It then provides that "*[t]he owner has entered into a Housing Assistance Payments Contract (HAP contract) with the [Public Housing Authority]* under the voucher program [whereby] the [Public Housing Authority] will make housing assistance payments to the owner to assist the tenant in leasing the unit from the owner." (Id., ¶ 1(b) (emphasis added)). It therefore appears that the lease is between Plaintiff and Defendant, and it will be so considered for purposes of this motion.[3]

Because the lease is between Plaintiff and Defendant, the reasoning of Williams-Ward is not applicable to the instant case. In Williams-Ward, a federal agency--HUD--owned the premises at issue. See Williams-Ward, 908 F. Supp. at 51. The plaintiff in that case leased the property directly from the federal government, and the defendant corporation was the property manager. Id. The plaintiff in Williams-Ward stated claims against the property manager under various state law theories, including claims under the lease, but did not allege any claims based on federal law or against federal agencies. Id. The United States District Court for the District of Massachusetts nevertheless concluded that the "implied warranty and quiet enjoyment claims ar[o]se under federal law because they involve[d] the rights and obligations of the parties pursuant to the plaintiff's lease with HUD, a federal agency." Id. at 52 (citation omitted). Under this standard, Williams-Ward does not support federal jurisdiction here, as Plaintiff's lease was not with a federal agency, but rather with Defendant, a natural person.[4]

_____

[3] As noted above, the Court must resolve all doubts in favor of remand. See Bates, 548 F.3d at 638. As the analysis below establishes Defendant's claim of federal jurisdiction might be stronger if HUD were the lessor, this rule of construction provides the Court with further support for its conclusion that the lease should be treated as being between Plaintiff and Defendant for purposes of this motion.

[4] At one point, Defendant references the Housing Assistance Payments contract between Defendant and HUD as a basis for invoking jurisdiction under the principles announced in Williams-Ward. (See Defendant's Opp., P. 3). Although this aspect of the argument is not developed any

**B.      Substantial Federal Question Based On Housing Quality Standards**

Defendant further argues that, under 24 C.F.R. § 982.401, "the standard of care by which the issue of liability will be determined is not state law, but federal law, as the minimum standard of care which Defendant must meet in maintaining the property, whether in tort or contract, is set forth by the Housing Quality Standards." (Defendant's Opp., P. 3). The obligation for Defendant to comply with the Housing Quality Standards (HQS) comes from Defendant's contracts with the Public Housing Authority, see 24 C.F.R. § 982.453(a), and from the Tenancy Addendum between Plaintiff and Defendant, see 24 C.F.R. § 982.456(b)(2) (establishing that tenants can enforce obligations under the tenancy addendum). (See also Defendant's Opp., P. 7 at ¶ 7(a)(1) (tenancy addendum includes requirement that "[t]he owner must maintain the unit and premises in accordance with the HQS")). While Plaintiff could have brought a claim in contract to enforce the Tenancy Addendum and the HQS referenced therein, see 24 C.F.R. § 982.456(b)(2), it is undisputed that Plaintiff's stated claims of negligence and res ipsa loquitur sound only in tort. (Defendant's Opp., PP. 1, 3; Plaintiff's Motion to Remand, ¶ 7). Thus, because the HQS are contractual obligations, and Plaintiff only states claims in tort, the HQS are not necessarily implicated by Plaintiff's claims. See Dexheimer v. CDS, Inc., 17 P.3d 641, 646-47 (Wash. App. 2001) (holding a negligence claim against a Section 8 landlord is not a claim for violation of HQS because such violation is contractual, and there is no independent duty outside of the contract that requires the landlord to comply with the HQS).

It is possible that the Missouri courts may look to the HQS as defined in 24 C.F.R. § 401 when determining what standard of care, if any, Defendant owed Plaintiff. See Payne v. Cornhusker

---

further by Defendant, to the extent Defendant argues that the HAP Contract establishes Defendant's duty of care to Plaintiff, such argument does not create a substantial federal question in the instant action, because "[Plaintiff] is not a party to or third party beneficiary of the HAP contract" between Defendant and the Public Housing Authority. See 24 C.F.R. § 982.456(b)(1).

Motor Lines, Inc., 177 S.W.3d 820, 837-38 (Mo. App. 2005) (holding that a claim of negligence may be supported by evidence of the requirements of an applicable federal regulation). In other words, even though Plaintiff has not relied on a theory of negligence per se (see Plaintiff's Reply, P. 1), she need not do so for evidence of the federal regulation to be used as evidence of Defendant's duty in the state court proceeding. See id. Even if the state court were to allow such evidence, however, a substantial federal question still would not be presented, as the "mere need to apply federal law in a state-law claim will [not necessarily] suffice to open the 'arising under' door." Grable, 545 U.S. at 313; see also Merrell Dow, 478 U.S. at 807 (internal citation omitted) ("Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power.").

Grable is distinguishable from the instant case. In that quiet title action, the Grable corporation sued the Darue corporation to recover land seized and sold to Darue by the Internal Revenue Service to satisfy a tax deficiency Grable owed the IRS. Grable's suit specifically asserted the IRS's seizure of the property at issue was invalid because the IRS failed to satisfy the requirements of a federal statute. Grable, 545 U.S. at 310-11. The Supreme Court held that federal question jurisdiction existed in Grable, for two reasons: first, because interpretation of the federal statute was "the only legal or factual issue contested in the case," and Grable's claim implicated the federal government's "strong interest in the prompt and certain collection of delinquent taxes"; and second, because exercising jurisdiction in that context would "portend only a microscopic effect on the federal-state division of labor." Id. at 315 (internal quotations and citations omitted).[5]

_____

[5] Since Grable, "the Supreme Court has noted that matters that will properly merit federal jurisdiction under Grable will be rare." Connolly v. Union Pac. R.R., 453 F.Supp.2d 1104, 1110 (E.D. Mo. 2006) (Shaw, J.), citing Empire Healthchoice Assur., Inc. v. McVeigh, --- U.S. ----, ----,

By way of contrast, any reference to the HQS by the Missouri courts in this case would only be "a standard upon which to measure defendant['s] negligence, not necessarily [an] assertion that defendant[] violated the [federal regulations] and should be liable." See Connolly, 453 F. Supp. 2d at 1110 (citation omitted).   The instant case thus represents the sort of "garden variety" negligence action that the Supreme Court specifically distinguished in Grable, because "[a] general rule of exercising federal jurisdiction over state claims resting on federal [regulatory and] other statutory violations would . . . herald[] a potentially enormous shift of traditionally state cases into federal courts." See Id. at 319.

For the foregoing reasons, the Court holds Plaintiff's claims do not "arise under" federal law, and so Plaintiff's Motion to Remand must be granted.[6]

---

126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006).

[6] In addressing a similar scenario, the United States District Court for the Western District of Missouri recently held as follows:

> Here, unlike in Grable and Scott [v. Lance Aviation, Inc., No. 8:09-cv-986-T-33TBM (M.D.Fla., Aug. 18, 2010)], there are no specific, limiting issues that would prevent a deluge of similar, traditionally state claims from being heard in federal court.  This case is a negligence action that references federal law to establish the standard of care, but the focus of the dispute will be on whether there are sufficient facts to show that the standard of care has been violated, like the run of the mill tort cases that are traditionally heard in state courts.  Because entertaining this suit in a federal forum based on federal question jurisdiction would disturb the "balance of federal and state judicial responsibilities," Grable, 545 U.S. at 314, 125 S.Ct. 2363, this Court lacks federal question jurisdiction over Plaintiffs' negligence action against [Defendant]. *See* Merrell Dow, 478 U.S. at 807, 106 S.Ct. 3229.

West v. A & S Helicopters, 2010 WL 4703820 at *4 (W.D. Mo. Nov. 15, 2010).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED**,

and this case is remanded to the Circuit Court of the City of St. Louis, Missouri.  An appropriate

Order of Remand will accompany this Order.

Dated this 23rd  day of February, 2011.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE